IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:25-CR-52-DCLC-CRW |
| v. | ) | |
| | ) | |
| DUSTIN SCOTT NORTON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's objections to the career-offender designation set forth in

¶¶ 19, 35, 39 & 71 of the Presentence Investigation Report ("PSR"). Defendant raises two distinct

challenges. First, he argues that the United States Sentencing Commission exceeded the authority

delegated to it by 28 U.S.C. § 994(h)(2)(B) when it defined "controlled substance offense" in

U.S.S.G. § 4B1.2(b) to include prior state drug convictions, and that the Sixth Circuit's contrary

decision in *United States v. Williams*, 53 F.3d 769, 772 (6th Cir. 1995) has been abrogated by the

Supreme Court's decision in *United States v. LaBonte*, 520 U.S. 751, 757 (1997). Second, he

argues that, even if the inclusion of state drug convictions is valid, his 2015 Tennessee conviction

for conspiracy to manufacture methamphetamine does not qualify as a "controlled substance

offense" because, at the time of that conviction, conspiracies were not within the text of § 4B1.2

and the commentary purporting to include them was invalid under *United States v. Havis*, 927 F.3d

382, 386–87 (6th Cir. 2019) (en banc). Defendant invokes the time-of-prior-conviction rule

articulated in *United States v. Clark*, 46 F.4th 404, 408–10 (6th Cir. 2022), and the Supreme

Court's decision in *Brown v. United States*, 602 U.S. 101, 115 (2024), in support of the second

objection. In a third supplemental filing, Defendant relies on the Sixth Circuit's recent decision in

1

*United States v. Delaine*, 171 F.4th 880, 887 (6th Cir. 2026), to refine the "lookback" argument and contends that, under *United States v. Geerken*, 506 F.3d 461, 465 (6th Cir. 2007), Amendment 822 cannot reach backward to encompass his 2015 conviction. Defendant's second and third objections do not distinguish between two separate inquiries. *Clark* and *Brown* govern step one of the categorical approach, which focuses on the conduct the prior offense criminalized. Amendment 822 operates at step two of the categorical approach, that is the federal definition the Court applies at sentencing. Section 3553(a)(4)(A)(ii) directs the Court to apply the current Manual.

For the reasons that follow, the Court **OVERRULES** Defendant's objections.

## I.  BACKGROUND

Defendant committed the instant federal offense on January 15, 2025. He entered a plea of guilty on September 18, 2025. The PSR identifies a 2015 Tennessee conviction for conspiracy to manufacture methamphetamine. Defendant does not dispute the fact of that conviction; he disputes only its status as a "controlled substance offense" under U.S.S.G. § 4B1.2(b).

The Court applies the Sentencing Guidelines Manual in effect on the date of sentencing. *See* 18 U.S.C. § 3553(a)(4)(A)(ii); U.S.S.G. § 1B1.11(a). The currently effective Manual incorporates Amendment 822, which took effect on November 1, 2023. Amendment 822 amended § 4B1.2, moving the definitional language formerly contained in the commentary to § 4B1.2 into the text of the guideline itself.  Section 4B1.2(d) provides that "[t]he terms 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense." U.S.S.G. § 4B1.2(d). Because Defendant's federal offense was committed on January 15, 2025, after the November 1, 2023 effective date of Amendment 822, no ex post facto issue arises from applying the current Manual. *See Peugh v. United States*, 569 U.S. 530, 532–33 (2013). Defendant therefore had notice of the Guideline

provisions in effect at the time he committed the instant federal offense.

## II.   LEGAL STANDARD

Under U.S.S.G. § 4B1.1(a), a defendant qualifies as a career offender if (1) he was at least eighteen years old at the time of the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. *Id.* Section 4B1.2(b) defines "controlled substance offense" to mean "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense…." U.S.S.G. § 4B1.2(b)(1). Section 4B1.2(d), as amended, includes inchoate offenses, including conspiracy, within that definition.

To determine whether a prior state conviction qualifies as a controlled substance offense, the Court applies the categorical approach.  *Clark*, 46 F.4th at 407–08. The categorical approach proceeds in two steps. First, the Court identifies "the conduct that was criminalized under the state law of conviction." *Id.* at 408. Second, the Court "evaluate[s] that relevant conduct as defined in the Guidelines" and overlays the two. *Id.* The two steps are analytically distinct. Step one looks to the prior offense and asks what conduct the State criminalized at the time of that offense. Step two looks to the federal Guideline and asks whether that conduct falls within the federal definition as the Court applies it at sentencing.

## III.  ANALYSIS

### A. The Sentencing Commission Did Not Exceed Its Authority Under 28 U.S.C. § 994(h)(2)(B)

Defendant's first objection contends that 28 U.S.C. § 994(h)(2)(B) directs the Commission to ensure career-offenders are sentenced "at or near the maximum term" for those offenders previously convicted of only specific *federal* drug offenses enumerated in that subsection, and that the Commission exceeded its authority by defining "controlled substance offense" in § 4B1.2(b) to include prior state drug convictions. Defendant argues that, to the extent the Sixth Circuit's decision in *United States v. Williams* approved or assumed the validity of the Commission's broader definition, *Williams* has been abrogated by *United States v. LaBonte*, 520 U.S. 751 (1997), and its progeny in the Sixth Circuit, including *United States v. Butler*, 207 F.3d 839 (6th Cir. 2000) and the Sixth Circuit's recent decision in *United States v. Bricker*, 135 F.4th 427, 436 (6th Cir. 2025).

Section 994(h)(2)(B) requires the Commission to ensure that career-offender sentences fall at or near the statutory maximum for those who have been convicted of a crime of violence or for "an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841)…." It does not constrain the Commission's general authority under 28 U.S.C. §§ 994(a) and 994(b) to define the terms used throughout the Guidelines. *LaBonte* does not hold otherwise. The Supreme Court in *LaBonte* addressed a different question than the one before the Court here. The Commission had promulgated Amendment 506, which redefined the term "maximum term authorized" in § 994(h) to exclude statutory sentencing enhancements. The Supreme Court held that the amendment was "inconsistent with § 994(h)'s plain language…." *LaBonte*, 520 U.S. at 753. *LaBonte* did not address whether the federal offenses described in § 994(h)(2)(B) limit the Commission's broader authority under §§ 994(a) and 994(b) to define the terms used in the Guidelines themselves. The

4

Commission's authority and § 994(h)'s specific directive are not, on the face of the statute, inconsistent.

The Sixth Circuit has continued to treat state drug convictions as qualifying predicates under § 4B1.2 in the years since *LaBonte* was decided. *See, e.g.*, *United States v. Jones*, 81 F.4th 591, 599 (6th Cir. 2023) (adopting the textual analysis of *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), and treating state drug convictions as predicates under § 4B1.2). Defendant invites this Court to declare that controlling Sixth Circuit precedent has been silently abrogated by a 1997 Supreme Court decision that the Sixth Circuit itself has had nearly three decades to apply. This Court declines to conclude that *LaBonte* silently abrogated longstanding Sixth Circuit treatment of state drug convictions under § 4B1.2. *See Cartwright v. United States*, 12 F.4th 572, 585 (6th Cir. 2021) ("When a prior circuit decision conflicts with an intervening Supreme Court precedent, the panel must follow Supreme Court guidance."). None of the cases cited by Defendant holds that § 994(h)(2)(B) prohibits the Commission from defining "controlled substance offense" to include state drug offenses.

The first objection is therefore **OVERRULED**.

### B. Defendant's 2015 Tennessee Conspiracy Conviction Qualifies as a "Controlled Substance Offense" Under the Current U.S.S.G. § 4B1.2.

For this objection, Defendant concedes that the Commission may include state drug offenses within the definition of "controlled substance offense." *See* [Doc. 23]. He contends instead that his 2015 Tennessee conviction for conspiracy to manufacture methamphetamine does not qualify because, in 2015, conspiracy offenses were not within the text of U.S.S.G. § 4B1.2, but only within the commentary. *Id.* The Sixth Circuit later held that the pre-amendment commentary did not warrant deference and could not be used to expand the textual definition. *Havis*, 927 F.3d at 386–87; *United States v. Cordero*, 973 F.3d 603, 626 (6th Cir. 2020). Under

*Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312–13 (1994), Defendant argues, those decisions declared the law as it always was, meaning that in 2015 a state drug conspiracy was not, in fact, a "controlled substance offense." *Id.* ("A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction.").

From that premise, Defendant invokes "the time-of-conviction rule" established by the Sixth Circuit in *Clark*, 46 F.4th at 408, applied in *United States v. Wilkes*, 78 F.4th 272, 278 (6th Cir. 2023), and reinforced in *Brown*, 602 U.S. at 107–08. [Doc. 23]. Defendant argues the Court must assess the predicate offense, here the 2015 conspiracy state conviction, by reference to the law at the time of that conviction. He argues that because, at that time in 2015, conspiracy was not within the terms of § 4B1.2, (it was only listed in the commentary), the conviction cannot be a "controlled substance offense" today, notwithstanding Amendment 822's later inclusion of conspiracy offenses within the text of the current § 4B1.2(d).

*Clark* and *Brown* govern the meaning of the term "controlled substance" at step one of the categorical approach, that is, identifying the conduct the prior state offense criminalized. The contested question in *Clark* was whether the federal drug schedule in effect at the time of the prior state offense, or the schedule in effect at federal sentencing, supplies the relevant content of the term "controlled substance." The Sixth Circuit held that the schedule in effect at the time of the prior state offense governs. *Clark*, 46 F.4th at 408–11. The Supreme Court reached the same conclusion under the Armed Career Criminal Act in *Brown*, 602 U.S. at 106. Both decisions answer a particular question: when the substance criminalized by the prior offense has been added to or removed from the federal schedule, which version of the schedule applies? Both decisions answer that question by reference to the time of the prior offense.

That is not the issue here. Amendment 822 did not alter the federal drug schedule. It did not alter Tennessee's conspiracy to manufacture methamphetamine statute. Amendment 822 changed the scope of the federal Guideline itself, by moving the inchoate-offense language from the commentary into the text of § 4B1.2(d). The changes brought by Amendment 822 impact step two of the categorical approach, that is, the comparison of the prior conduct to the federal definition, not at step one. Congress has expressly directed courts to apply the version of the Guidelines "in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4)(A)(ii). The Supreme Court itself drew this very distinction in *Brown*, explaining that the Guidelines practice of applying the current Manual is not directly analogous to ACCA, "because Congress has expressly directed courts to apply the Guidelines 'in effect on the date the defendant is sentenced.'" *Brown*, 602 U.S. at 120 n.7. The Sixth Circuit acknowledged the same distinction in *United States v. Drake*, 126 F.4th 1242, 1245 (6th Cir.), *cert. denied*, 146 S. Ct. 240, 223 L. Ed. 2d 91 (2025), while adhering to *Clark*'s holding on the meaning of "controlled substance."

Defendant's analogy between Amendment 822 and a legislative change to the federal drug schedule is not persuasive. A change to the drug schedule alters what substances the federal government treats as "controlled." That change bears directly on what a defendant's prior offense criminalized at the time of the state conviction. Amendment 822, by contrast, does not change what Tennessee's conspiracy-to-manufacture-methamphetamine statute criminalized in 2015. Methamphetamine was a federally controlled substance in 2015; it remains one today. *Clark* would matter only if methamphetamine had been added to or removed from the federal schedule between 2015 and the present; it was not. Conspiracy to manufacture methamphetamine was a felony offense in Tennessee in 2015, prohibiting precisely the conduct it prohibits today. What

Amendment 822 changed was the reach of the Sentencing Guideline, a change that, under § 3553(a)(4)(A)(ii), governs at sentencing.

*Havis* and *Cordero* do not require a different result. In *Havis*, the objection was that pre-2023 commentary could not expand the textual definition of § 4B1.2. 927 F.3d at 386–87. Amendment 822 addressed that objection by placing the inchoate-offense language in the text itself. The current text of § 4B1.2(d) is the Commission's exercise of its authority to define guideline terms.

Defendant's reliance on *Ramey v. United States*, No. 3:22-CV-00378, 2025 WL 2723414, at *4 (M.D. Tenn. Sept. 24, 2025) is also misplaced; if anything, it cuts against him. *Ramey* rejected the defendant's collateral challenge under 28 U.S.C. § 2255 to his ACCA designation and applied the time-of-conviction rule *against* the defendant because, at the time of his 2012 Tennessee aggravated burglaries, those offenses qualified as an ACCA predicate. *Id.* at *4. *Ramey* did not address Amendment 822, and it did not hold that subsequent amendments to § 4B1.2 do not apply to prior state convictions. *Ramey* therefore does not support Defendant's proposed extension of *Clark* and *Brown* to this situation.

Turning to the categorical approach, at step one, the prior offense is Defendant's 2015 Tennessee conviction for conspiracy to manufacture methamphetamine. Methamphetamine was a federally controlled substance in 2015 and remains one today. At step two, the current text of U.S.S.G. § 4B1.2(b) and (d) defines "controlled substance offense" to include conspiracies to commit qualifying drug offenses. Thus, the 2015 Tennessee conviction for conspiracy to manufacture methamphetamine is a "controlled substance offense" within the meaning of § 4B1.2 as applied at sentencing.

The second objection is therefore **OVERRULED**.

### C. Defendant's Third Supplemental Filing and *United States v. Delaine* Do Not Compel a Different Result

In a third supplemental filing, Defendant relies on the Sixth Circuit's recent decision in *United States v. Delaine*, 171 F.4th 880 (6th Cir. 2026), to refine the "lookback" argument. [Doc. 26, pg. 2]. Defendant contends that *Delaine* articulates an analytical framework distinguishing statutory amendments (which trigger a "sacred" presumption of prospective-only application) from judicial interpretations (which operate retroactively under *Rivers*, 511 U.S. at 311–13 & n.12). [Doc. 26, pg. 3]. From that framework, Defendant argues that *Havis* "revealed what § 4B1.2 always meant," "that conspiracies were never in the text." [Doc. 26, pg. 4]. And that Amendment 822 is a substantive amendment that, under *Geerken*, 506 F.3d at 465, "do not reach backward" to make the 2015 Tennessee conviction a qualifying predicate. [Doc. 26, pg. 4].

*Delaine* is an Armed Career Criminal Act case. It construes 18 U.S.C. § 924(e)(2)(B)(i), not U.S.S.G. § 4B1.2. The Sixth Circuit's discussion of statutory amendments and judicial interpretations in *Delaine*, 171 F.4th at 886, addresses whether to apply state-court precedent existing at the time of the prior state conviction or the Florida Supreme Court's later interpretation of the same statute in *Somers v. United States*, 355 So. 3d 887, 891 (Fla. 2022). It noted that "statutory amendments trigger different background interpretive rules than judicial decisions." *Id.* at 887. Statutory amendments apply prospectively not retroactively but judicial decisions interpreting a law applies retroactively. *Id.* But this is a step-one question about which state-court interpretation governs the elements of the prior offense. It is not a question about the application of the Guideline itself at sentencing.

More fundamentally, the Sixth Circuit in *Delaine* expressly declined to decide the lookback question on which Defendant relies. It stated, "[u]ltimately, though, we need not enter this debate to decide this case. Even if we must ignore changes in judicial interpretation that postdate a

9

defendant's prior conviction, the Florida Supreme Court did not change Florida law in *Somers*." *Id.* at 888.

The Sixth Circuit's reasoning distinguishes statutory amendments, which operate prospectively, from judicial interpretations, which operate retroactively to declare what the law always meant. Applied to Defendant's case, that framework yields the following. *Havis* under *Rivers* retroactively fixes the meaning of the pre-Amendment 822 text of § 4B1.2. Amendment 822, however, is a textual amendment by the Sentencing Commission, which has rulemaking authority under 28 U.S.C. §§ 994(a) and 994(p). Under *Delaine*'s own framework, that textual amendment operates prospectively from its November 1, 2023 effective date. Defendant's argument effectively extends *Havis* beyond the pre-amendment text construed in that case. *Rivers* does not work that way. It tells courts what earlier texts meant; it does not invalidate later textual amendments by the body authorized to promulgate them. The retroactive reach of *Havis* extends only to the pre-2023 text. The post-2023 text is governed by its own terms, and 18 U.S.C. § 3553(a)(4)(A)(ii) directs the Court to apply that text at sentencing.

The concerns the Sixth Circuit articulated in *Delaine* reinforce the Court's conclusion. The panel observed that the defendant's proposed lookback rule "would seem to conflict with the Supreme Court's 'categorical approach,' which *categorically* treats a state offense as an eligible violent felony or an ineligible nonviolent one." *Id.* at 888 (citing *Mathis v. United States*, 579 U.S. 500, 504–05 (2016) (emphasis in original). The Court noted that "[u]nder Delaine's view, by contrast, the same offense might constantly switch between these two categories depending on each new judicial decision." *Id.* It also noted that the proposed rule "might 'hurt' other defendants" by precluding application of later, defendant-favorable judicial interpretations. *Id.* (quoting *Brown*, 602 U.S. at 122). Those concerns apply with full force here. Defendant's framework would require

this Court to apply different versions of § 4B1.2 to different defendants at the same sentencing depending on when each defendant's prior state offense occurred. The categorical approach is designed to produce a single classification for each prior offense; Defendant's proposed rule would make that classification fluctuate based on the timing of each defendant's prior conviction.

Defendant's reliance on *Geerken*, 506 F.3d at 465, is misplaced for another reason. *Geerken* and U.S.S.G. § 1B1.11 permit a sentencing court to apply an older Guidelines Manual when the current Manual would create an *ex post facto* problem because the federal offense pre-dates a substantive amendment. They do not authorize a court to ignore an amendment that pre-dates the federal offense. Defendant committed the federal offense more than fourteen months after Amendment 822 took effect. *Geerken* provides no basis for refusing to apply the current Manual in this case.

The third supplemental filing is therefore **OVERRULED**. The Court's analysis of Defendant's second objection is unaltered by *Delaine*. Defendant's 2015 Tennessee conviction for conspiracy to manufacture methamphetamine qualifies as a "controlled substance offense" under the current U.S.S.G. § 4B1.2(b) and (d).

## IV.     CONCLUSION

For the foregoing reasons, the Court holds that Defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Defendant's objections to the career-offender designation set forth in the PSR are **OVERRULED**.

**SO ORDERED:**


s/Clifton L. Corker
United States District Judge